UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JOHN FREDERICK SHASTAL,
JR. and KIMBERLY ANN
SHASTAL,

    Debtors,                                             Case No. 25-cv-13435

_____ /                    Hon. F. Kay Behm
                                                          United States District Judge

RECOVERY LAW GROUP, APC,
Appellant,

v.

ANDREW R. VARA, U.S.
TRUSTEE, Appellee.
_____ /

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
_____

### ORDER DISMISSING APPEAL

Appellant Recovery Law Group appeals from a grant of summary

judgment in the bankruptcy court.  The notice of the transmittal of the

bankruptcy record was filed on November 25, 2025, noting that

Appellant has not filed the designation of record.  ECF No. 10.

1

Appellant filed no documents in this proceeding between November 10, 2025, and June 11, 2026.  ECF Nos. 6, 16.

Under Federal Rule of Bankruptcy Procedure 8009(a), an appellant must "file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented[.]"  Fed. R. Bankr. P. 8009(a)(1)(A).  "The appellant must: file and serve the designation and statement within 14 days after . . . the appellant's notice of appeal as a right becomes effective under Rule 8002."  Fed. R. Bankr. P. 8009(a)(1)(B).  A district court may dismiss a bankruptcy appeal if the appellant does not follow the required procedural rules.  *See In re Kloian*, 137 F. App'x 780, 783 (6th Cir. 2005) ("A district court may . . . exercise its discretion to dismiss an appeal for a violation of [Rule 8009, formerly Rule 8006] where there is a showing of bad faith, negligence, or indifference.") (citing *In re Winner Corp.*, 632 F.2d 658, 661 (6th Cir. 1980)); *Rutledge v. Rubicon Realty Grp., LLC*, No. 17-CV-13743, 2018 U.S. Dist. LEXIS 15466, at *4 (E.D. Mich. Jan. 31, 2018) (collecting cases).

Further, in a bankruptcy appeal to the district court, the appellant has 30 days to file a brief "after the docketing of notice that

the record has been sent or that it is available electronically." Fed. R. Bankr. P. 8018(a)(1). If the appellant fails to timely file a brief, the court may dismiss the appeal on the court's own motion after providing notice to the appellant. Fed. R. Bankr. P. 8018(a)(4).

Appellant was ordered to show cause in writing and within fourteen days why this case should not be dismissed pursuant to Fed. R. Bankr. P. 8018(a)(4) and Fed. R. Bankr. P. 8009. ECF No. 14. That deadline passed on June 10, 2026, and no response was timely received. Appellant did, however, file an untimely response on June 11, 2026. ECF No. 16. The court has reviewed the parties' submissions and finds that oral argument is not necessary pursuant to E.D. Mich. Local Rule 7.1(f)(2).

RLG's response, filed one day late, states that the original attorney handling this case passed away, and that current counsel has sustained serious and long-lasting medical conditions that have affected his ability to represent RLG on appeal. ECF No. 16. Counsel also indicates that the untimeliness of his response to the show cause order was due to his misunderstanding the effect of a dismissal in a related appeal in Case No. 25-cv-13436. Counsel therefore seeks an extension

3

of time to file both the designation of record and his brief on appeal.  *Id.* The court is sympathetic to counsel's medical condition and wishes him well, and plainly the death of a prior lead attorney on a case may affect the timely prosecution of that case.  However, as indicated, Appellants filed no documents in this appeal since early November 2025, resulting in a nearly six-month period of silence in an appeal that it was their duty to prosecute under the Bankruptcy Rules.  "[A]ttorneys are expected to inform the court, within a reasonable amount of time, of any illness that would prevent them from complying with court deadlines." *Kensu v. Corizon, Inc.*, No. 19-10944, 2022 U.S. Dist. LEXIS 99056, at *6-7 (E.D. Mich. June 3, 2022) (citing *Buck v. United States Dep't of Agric., F.H.A.*, 960 F.2d 603, 609 (6th Cir. 1992) (holding that the sudden illness of the movant's counsel did not constitute excusable neglect for failure to file pleadings where counsel never informed the court of the illness)).  Counsel did not at any point file for extensions of time or in any way notify the court that illness prevented his filing papers in this matter, until a deadline to show cause had already passed.  Even considering the facts counsel has asserted, this near-complete silence from Appellant for such a long period of time militates

4

against offering a late extension.  The court also does not give any weight to counsel's misunderstanding of the deadline to respond to the show cause order in this case; it was counsel's responsibility to keep track of the differences between parallel proceedings and the deadlines therein.  Instead, the failure to timely respond, even by one day, is part of a pattern in Appellant's various appeals to this court from their underlying bankruptcy adversary proceedings.  *See* Case No. 25-cv-10745, ECF No. 10 (dismissing interlocutory appeal as untimely); Case No. 25-13436, ECF No. 11 (dismissing interlocutory appeal as untimely); Case No. 26-10383, ECF No. 9 (dismissing appeal of final judgment as untimely where notice was filed one day late).  Were this the first time in these related appeals that Appellant had missed a deadline, the court might view this as an excusable error, but this is far from the first time that Appellants have missed important deadlines in these related appeals, and the pattern suggests negligence or indifference, not a one-time mistake.  This also weighs against extending the deadline.  Finally, the court gives significant weight to the fact that Appellant did, within 14 days of filing their appeal, file a motion seeking a stay of the bankruptcy court's order to pay a

5

substantial civil penalty in the underlying case, a stay that this court then granted.  ECF Nos. 6, 11.  That motion to stay the civil penalty, which was filed promptly after the filing of this appeal, is strong evidence that, despite the hurdles counsel has identified, Appellant was not in fact left unable to act promptly to either (1) file a designation of record or (2) file a brief on appeal.  Given that Appellant took neither of those actions to move this appeal forward, but did act promptly to seek a stay of an order requiring Appellant to pay a civil penalty, the court finds that Appellant has shown at least negligence and/or indifference as to the filing and prosecution of the merits of this appeal and to the Rules of Bankruptcy Procedure.

This appeal is therefore **DISMISSED** pursuant to Fed. R. Bankr. P. 8018(a)(4) and 8009.  The partial stay pending appeal entered by ECF No. 11 is thus **DISSOLVED** and Appellant Recovery Law Group is hereby **ORDERED** to pay the full civil penalty of $392,471 as ordered by the Bankruptcy Court no later than July 31, 2026.  The parties are **ORDERED** to provide the court, within 10 days, a stipulated proposed order directing the proper disposition of the bond collected in this matter via the Utilities function.  *See* ECF Nos. 11, 12.  If no agreement

6

can be reached as to that matter, the parties shall instead each brief the proper disposition of those funds within 14 days of entry of this order, and shall accompany their individual briefing with a proposed order submitted via the Utilities function.

      **SO ORDERED**.


Date: June 15, 2026

                                                    s/F. Kay Behm
                                                    F. Kay Behm
                                                    United States District Judge